**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | |
| ANGELA J. BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 11-3251 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**MEMORANDUM OPINION**

RUFE, J.                                                                    May 1, 2012

      Plaintiff Angela Brown filed this action pursuant to 42 U.S.C. § 504(g) and § 1383(c)(3),

seeking judicial review of the final decision of the Commissioner of the Social Security

Administration ("SSA") denying her claim for supplemental security income ("SSI") under Title

XVI of the Social Security Act.  Ms. Brown seeks reversal of the Commissioner's decision on the

grounds that the Administrative Law Judge ("ALJ") did not apply the proper legal standards and

the ALJ's finding that Ms. Brown is not disabled was not based on substantial evidence.

      Magistrate Judge Timothy Rice issued a Report and Recommendation ("R&R")

recommending that the case be remanded to the Commissioner for further review for failure to

make factual findings regarding Plaintiff's ability to find work due to her age, which was close to

the advanced age category.  The Commissioner has filed objections to the R&R, arguing that the

Commissioner's regulations and SSA policy do not require an ALJ to discuss borderline age

situations in the absence of evidence justifying the use of a higher age category.  Upon this

Court's careful, independent consideration of the administrative record, the parties' submissions,

and the applicable law, the Court has determined that the ALJ's decision was not supported by substantial evidence.  The Commissioner's objections to the R&R will be overruled, and the case will be remanded to the Commissioner for further proceedings.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI on November 2, 2006, claiming that she had been disabled since March 1, 2003.[1]  On December 6, 2007, SSA denied Plaintiff's application.[2]  On October 10, 2008, the ALJ held a hearing and considered testimony from Plaintiff and Gary Young, a vocational expert.[3]  Plaintiff's application was denied on October 21, 2008, four months and one week (130 days) before her 55th birthday.[4]

After exhausting her administrative appeals, Plaintiff filed suit in this Court, contending that 1) the ALJ failed to apply the regulations and procedures pertaining to borderline age situations, and 2) the ALJ's finding that Plaintiff does not have a severe mental impairment was not supported by substantial evidence.  The Magistrate Judge agreed with the first of these points and recommended remand to the Commissioner for further evaluation of Plaintiff's application.

---

[1] R&R at 2.

[2] Id.

[3] Id.

[4] Id. at 4.

## II. LEGAL STANDARD

Disability determinations before an ALJ "involve shifting burdens of proof."[5]  The claimant initially satisfies the burden of showing she is disabled by demonstrating that she cannot return to her customary occupation.[6]  Once the claimant's initial burden is met, the burden shifts to the Commissioner, who must show that the claimant can still engage in substantial gainful activity.[7]

This burden-shifting process follows a five-step sequential evaluation process promulgated by the SSA.[8]  At step one, the ALJ must determine whether the applicant is currently engaging in "substantial gainful activity"; if the ALJ so finds, the claim is denied.[9]  In step two, the ALJ must determine whether the claimant is suffering from a severe impairment.[10]  If the claimant suffers from a severe impairment, the ALJ at step three compares the claimant's impairment to a list of impairments presumed to preclude any gainful work, which are listed in Part 404, Subpart P, Appendix 1 of the applicable regulations ("listed impairments").[11]  If the applicant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.  At step four, the ALJ must determine whether the applicant has the residual

---

[5] Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir.1984).

[6] 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

[7] 20 C.F.R. §§ 404.1520(b), 416.920(b).

[8] 20 C.F.R. §§ 404.1520, 416.920; see also Sykes v. Apfel, 228 F.3d 259, 262–63 (3d Cir. 2000).

[9] 20 C.F.R. §§ 404.1520(b), 416.920(b); see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

[10] 20 C.F.R. §§ 404.1520(c), 416.920(d).

[11] See 20 C.F.R. §§ 404.1520(d), 416.920(d).

functional capacity to perform past relevant work.[12]  If the applicant proves she cannot resume her former occupation, the burden shifts to the Commissioner at step five, where the Commissioner must demonstrate that the applicant is capable of performing other work available in the national economy.[13]  At this stage, the Commissioner takes into account not just residual functional capacity, but also age, education, and language ability, and past vocational training.  If the Commissioner cannot demonstrate that the applicant is capable of other available work, the ALJ must find that the applicant is disabled.

A court reviewing a Social Security case must base its decision on the record of the administrative proceedings and the pleadings of the parties.[14]  The court's review of legal issues is plenary, but its factual review is limited.[15]  The court must determine whether the record contains substantial evidence to support the ALJ's factual findings, and whether the Commissioner applied the proper legal standards in making its decision.[16]  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[17]  The amount required is more than a mere scintilla, but less than a preponderance of the evidence.[18]  If the ALJ's factual findings were determined according to the

---

[12] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[13] Id.

[14] 42 U.S.C. § 405(g).

[15] Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir.1999).

[16] See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.2001).

[17] Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir.1995).

[18] See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir.1988).

correct legal standards and are supported by substantial evidence, the court is bound by them, "even if [it] would have decided the factual inquiry differently."[19]

A district court must review de novo those portions of a magistrate judge's report and recommendation to which a party has objected.[20]  The district court may in its discretion "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[21]

### III. DISCUSSION

The ALJ found that Plaintiff has not engaged in substantial gainful activity since the date of her application.[22]  The ALJ found that Plaintiff has a number of non-severe impairments, including gastroesophageal reflux disease, hypertension, and chronic obstructive pulmonary disease.[23]  The ALJ also found that Plaintiff has osteoarthritis and cervical cancer, which are severe impairments but which do not meet or medically equal one of the impairments listed in 20 CFR Part 404, Appendix 1.[24]  In determining that Plaintiff has the residual functional capacity ("RFC") to perform a full range of light work, the ALJ stated that the evidence did not substantiate Plaintiff's complaints of severe arthritic pain throughout her body, and restricting her

---

[19] Fargnoli, 247 F.3d at 38.

[20] 28 U.S.C. § 636(b)(1)(c).

[21] Id.

[22] Administrative Record ("R") at 17.

[23] R. at 17.

[24] R. at 17-18.

5

to light work would adequately take into account her arthritic problems.[25]  Because Plaintiff had

no work experience in the preceding fifteen years, the ALJ found that Plaintiff has no past

relevant work.[26]

The ALJ then considered whether Plaintiff could perform any jobs that exist in significant

numbers in light of her residual functional capacity, age, education, and work experience.  The

ALJ determined that Plaintiff, who was born on February 28, 1954, was "an individual closely

approaching advanced age," but  the ALJ did not undertake a borderline age situation analysis.[27]

The ALJ noted that Plaintiff has a twelfth grade education and is able to communicate in

English.[28]  Finally, the ALJ found that the transferability of job skills was not an issue because

Plaintiff did not have past relevant work.[29]  The ALJ concluded that there are jobs that exist in

significant numbers that Plaintiff can perform and that Plaintiff therefore is not disabled.[30]

The Magistrate Judge concluded that the ALJ was required to consider Plaintiff's

borderline age situation in the analysis of disability.  SSI claimants are placed into one of three

categories: younger person (under age 50), person closely approaching advanced age (age 50-55),

---

[25] R. at 20.

[26] R. at 20. The Commissioner disagrees with this finding and asserts that Plaintiff  lied in her testimony, based on notes in the Record that Plaintiff ran a daycare business in the 1990s and cleaned houses until 2002. Def.'s Objections at 1; see R. at 267. As the Magistrate Judge stated, such inconsistencies in the Record should be resolved by the ALJ on remand. See R&R at 4 n.10.

[27] R. at 20-21.

[28] R. at 21.

[29] R. at 21.

[30] R at 21.

and person of advanced age (age 55 and older).[31]  For a person closely approaching advanced age, the ALJ will consider that "age along with a severe impairment(s) and limited work experience may seriously affect [claimant's] ability to adjust to other work."[32]  For a person of advanced age, the ALJ will consider that age on its own "significantly affects a person's ability to adjust to other work."[33]

Before it was amended in 2000, § 404.1563(a) of the regulations provided that the ALJ would not apply the age categories "mechanically in a borderline situation."[34]  In <u>Kane v. Heckler</u>, the Court of Appeals for the Third Circuit held that an ALJ erred in failing to consider § 404.1563(a) where the claimant was 48 days shy of his 55th birthday and the claimant's age category had a decisive impact on the disability determination.[35]  In 1993, the Appeals Council adopted Hearings, Appeals and Litigation Law ("HALLEX") manual guideline § II-5-3-2, which sets forth the SSA's policies for borderline age situations.[36]  In 2000, the regulations were

---

[31] 20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e).

[32] §§ 404.1563(d), 416.963(d).

[33] §§ 404.1563(e), 416.963(e).

[34] § 404.1563(a) (1985).

[35] 776 F.2d 1130, 1133 (3d Cir. 1985) ("If [the claimant] were placed in the 'advanced age' category (55 and over), and assuming that the light work and limited education determinations are correct, [the claimant] could be found disabled if his skills were not transferable.").

[36] HALLEX II-5-3-2 provides in pertinent part:
    To identify borderline age situations when making disability determinations, adjudicators will apply a two-part test: (1) Determine whether the claimant's age is within a few days or a few months of a higher age category. (2) If so, determine whether using the higher age category would result in a decision of "disabled" instead of "not disabled."
    If the answer to one or both is "no," a borderline age situation either does not exist or would not affect the outcome. The adjudicator will then use the claimant's chronological age.
    If the answer to both is "yes," a borderline age situation exists and the adjudicator must decide whether it is more appropriate to use the higher age or the claimant's chronological age. (Use of the higher age category is not automatic.) To decide which age category to use, take a "sliding scale" approach. Under this approach, the claimant

amended by moving the "borderline" language in §§ 404.1563 and 416.963 from subsection (a) to subsection (b), and by adding a description of the borderline age analysis that reaffirmed that the age categories would not be applied mechanically.[37]

There is no bright-line rule for determining what constitutes a borderline age.[38]  In <u>Lucas v. Barnhart</u>, decided after the regulations were amended, the Court of Appeals held that 106 days is "within a few months."[39]  In <u>Roberts v. Barnhart</u>, the Court of Appeals noted that no authority supported extending borderline age determinations to claimants five to six months away from their relevant birthdays, but in that case, "substantial evidence, including the unrefuted evidence provided by the vocational expert, support[ed] the ALJ's conclusion that [the claimant's] age was

---

must show progressively more additional vocational adversity(ies) "to support use of the higher age" as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens.

     One finds additional vocational adversity(ies) if some adjudicative factor(s) is relatively more adverse when considered in terms of that factor's stated criteria, or when there is an additional element(s) which has adverse vocational implications. Examples of these additional vocational adversities are the presence of an additional impairment(s) which infringes upon "without substantially narrowing"a claimant's remaining occupational base; or the claimant may be barely literate in English, have only a marginal ability to communicate in English, or have a history of work experience in an unskilled job(s) in one isolated industry or work setting. (An isolated industry would be such as fishing or forestry.) Other adverse circumstances in individual cases may justify using the higher age category.

     Absent a showing of additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age even when the time period is only a few days. *The adjudicator need not explain his or her use of the claimant's chronological age*.

     2003 WL 25498826 (emphasis added).

[37] "We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of you case." §§ 404.1563(b), 416.963(b).

[38] <u>Ludvico v. Astrue</u>, No. 08-332, 2008 WL 5134938, at *11 (W.D. Pa. Dec. 5, 2008) (citing cases); <u>see also</u> <u>Lucas v. Barnhart</u> 184 F. Appx. 204, 206 (3d Cir. 2006) (contrasting the "bright-line distinctions" in the Medical-Vocational guidelines to the application of an older age category in a borderline age situation permitted by § 404.1563(b)).

[39] 184 Fed. Appx. at 208.

not a factor significantly limiting her vocational adaptability."[40]

Plaintiff falls within the gray area between <u>Lucas</u> and <u>Roberts</u>. At the time of the ALJ's decision Plaintiff was less than five months from the "advanced age" category, satisfying <u>Roberts</u>'s limitation, and was 130 days from the relevant birthday, only 24 days more than the claimant in <u>Lucas</u>.[41] The Commissioner does not object to the classification of Plaintiff's age as borderline; however, the Commissioner disagrees with the Magistrate Judge's finding that the ALJ was required to discuss Plaintiff's borderline age under the regulations.[42]

The ALJ found that Plaintiff had a high school education, had no prior relevant work experience, and could perform only light work. Had Plaintiff been placed in the "advanced age" category, the ALJ could have determined, pursuant to § 202.04, that Plaintiff was disabled and entitled to benefits.[43] Thus, placing Plaintiff in a higher age category could have changed the outcome of this case.

When a record does not contain factual findings relevant to the § 404.1563(b) inquiry into whether a claimant presents a borderline age situation, the determination of non-disability is

---

[40] 139 F. Appx. 418, 420 (3d Cir. 2005).

[41] Courts in the Western and Middle Districts of Pennsylvania continue to hold that a time period longer than five months can create a borderline age situation, though one court in this District has viewed 106 days as a ceiling. <u>Compare</u> <u>Morealli v. Astrue</u>, No. 08-356, 2010 WL 645296, at *8-9 (W.D. Pa. Feb. 23, 2010) (five and one half months), <u>Istik v. Astrue</u>, No. 07-1468, 2009 WL 382503, at *4 (W.D. Pa. Feb. 13, 2009) (seven months), <u>and Nicely v. Astrue</u>, No.10-2412, 2012 WL 1231215, at *2 n.9, 14 (M.D. Pa. Apr. 12, 2012) (over one year), <u>with Palmer v. Astrue</u>, No. 09-820, 2010 WL 1254266, at *5 (E.D. Pa. Mar. 31, 2010) (114 days) <u>aff'd sub nom. Palmer v. Comm'r of Soc. Sec.</u>, 410 F. Appx. 490, 492 (3d Cir. 2011) (addressing only the burden of proof issue and concluding that the ALJ had made specific findings and would have reached the same result).

[42] Def.'s Objections at 23.

[43] <u>See</u> 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.04 (providing that a claimant of advanced age, with a high school degree that does not provide for direct entry into skilled work, and with no or unskilled previous work experience, is disabled).

9

unsupported by substantial evidence and the case must be remanded.[44]  The ALJ's silence makes it "impossible to discern whether the ALJ properly applied section 404.1563(b)."[45]  The Commissioner contends, however, that HALLEX II-5-3-2 instructs the ALJ to use chronological age when the claimant fails to show sufficient additional vocational adversities to justify use of a higher age category, and the ALJ has the discretion to choose whether to discuss a borderline age determination.

The Commissioner's arguments are unpersuasive.  Dispensing with the ALJ's need to explain the borderline age determination would be contrary to Third Circuit cases and make impossible the task of a reviewing court. To the extent HALLEX § II-5-3-2 requires an explanation only upon the showing of an additional vocational adversity, it is not entitled to the Court's deference.[46]  In addition, Plaintiff has pointed to vocational adversities that may warrant the use of a higher age category.  HALLEX § II-5-3-2 provides that claimants "must show progressively more additional vocational adversity(ies)" that would justify use of a higher age category.[47]  Plaintiff's lack of a work history, as found by the ALJ, constitutes such an adversity.[48]  Plaintiff also has numerous non-severe impairments that may constitute additional

---

[44] Lucas, 184 F. Appx. at 208.

[45] Correa v. Astrue, No. 07-5435, 2009 WL 585500, at *5 (E.D. Pa. Mar. 4, 2009).

[46] Christensen v. Harris County, 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters–like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law–do not warrant Chevron-style deference.")).

[47] HALLEX II-5-3-2, 2003 WL 25498826.

[48] See Phillips v. Astrue, 671 F.3d 699, 703 (8th Cir. 2012) (claimant's lack of past relevant work established an additional vocational adversity).

vocational adversities.[49]   The case will be remanded so that the ALJ may consider all of these factors.

Finally, the vocational expert did not provide substantial evidence to support the ALJ's finding of no disability without consideration of borderline age.  "Even if factually related, the issue of ability to adjust as an adjunct of age is legally and analytically distinct from the inquiry into whether one can perform a significant number of 'light' jobs in the national economy."[50] Here, the expert testified to the number of jobs that exist nationally but not to Plaintiff's ability to adapt to the requirements of a new job at the age of almost 55.[51]   Because the Court finds that the ALJ failed to properly discuss Ms. Brown's borderline age situation, the case will be remanded for further proceedings.


### IV.  Conclusion

For the foregoing reasons, this Court overrules the Commissioner's objections to the R&R, grants Plaintiff's request for review, and remands for further consideration pursuant to the forth sentence of 42 U.S.C. § 405(g).  An appropriate order follows.

---

[49] See Turner v. Astrue, No. 10-186, 2011 WL 2783832, at *9 (S.D. Ohio July 11, 2011) (claimant's morbid obesity, obesity-related problems, and severe vision impairment constituted an advanced vocational adversity); Russell v. Comm'r of Soc. Sec., 20 F. Supp. 2d 1133, 1134, 1136 (W.D. Mich. 1998) (claimant's degenerative arthritis, history of serious heart problems, lung impairment, diabetes, and pain constituted an advanced vocational adversity).

[50] Lucas, 184 F. App'x at 207-08.

[51] See R. at 44.